C. Atkinson Sons Co. *v.* Brinson McCullough Co.

(Division B. Feb. 17, 1930.)

[126 So. 191. No. 28432.]

**Will A. Parsons,** of Summit, for appellant.

No brief filed for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Brinson McCullough Company obtained a judgment against one Will Rutland in Lawrence county in

February, 1923, for three hundred forty-two dollars and fifty-six cents, and on February 8, 1928, a representative of Brinson McCullough Company went to C. Atkinson Sons Company, a mercantile firm doing business in Pike county, and made some inquiries as to whether Will Rutland had any cotton there. The bookkeeper, the son of C. Atkinson, turned to his book and said that there were two bales on the book that were in Mr. Rutland's name. About that time Mr. Jackson, the manager of C. Atkinson Sons Company, came in and made inquiries as to what they were talking about; the witness stated that he then turned his attention to Mr. Jackson and asked him if Mr. Rutland had any cotton there, and Mr. Jackson answered that he had. The witness asked if the cotton was in Rutland's name or his wife's name, and Jackson said it was in his name; the witness then asked him how many bales Rutland had; Jackson replied that he had several bales but it would take some time to find it; that Jackson then turned off, apparently thinking the witness was hunting something. The witness went on to Magnolia and took out a garnishment. The judgment was enrolled in Pike county on the 9th day of February, 1928, and garnishment issued the same day and served the same day upon C. Atkinson Sons Company.

On the 23rd day of February, C. Atkinson Sons Company filed an answer, denying that they had any property belonging to Will Rutland, or that they were indebted to him, and denying that they knew of any other persons who had such property or who were indebted to him.

The Brinson McCullough Company contested this answer for the garnishee; the above statements were the substance of the testimony; while the garnishee produced testimony that Rutland brought the cotton referred to in the statement, to them in the spring of 1927, and that it was sold to a third party and Rutland's account credited with the proceeds, and that Rutland owed a considerable balance after having such credit on his account with C.

Atkinson Sons Company. All of this was shown by the books and testimony of the garnishee to have occurred prior to the conversation referred to above and prior to the service of the garnishment.

The cotton had been placed in the compress and had been shipped out of the state of Mississippi on January 21, 1928, by the party who bought it from C. Atkinson Sons Company. There is no dispute whatever of these facts, or anything to suggest their falsity, other than the statement above referred to, in which Mr. Jackson and the younger Mr. Atkinson had stated that Rutland had two bales of cotton. It was shown that the agent of Brinson McCullough Company merely stated that they were interested in Will Rutland's cotton, and did not disclose what that interest was, and did not disclose that they were searching for the cotton to subject it to a judgment, nor were any of the details of the matter brought up in the conversation.

There was a peremptory instruction requested for the appellant and refused by the court, and the court instructed simply that if C. Atkinson Sons Company had the cotton at the time of the garnishment they would find for Brinson McCullough Company, there being no dispute as to the weights and value of the cotton. We think it was error to refuse a peremptory instruction requested for the appellant. There is no question whatever but what C. Atkinson Sons Company had sold the cotton prior to the garnishment, and prior to the conversation, and had credited the proceeds to the account of Rutland. At the time of the garnishment, and at the time of the conversation, C. Atkinson Sons Company owed Rutland nothing and had no property belonging to him in their possession or under their control. It is manifest, from the study of the evidence, that what was in the mind of Mr. Jackson and Mr. Atkinson was whether Mr. Rutland had placed the cotton with them, and that their mind was not addressed as to whether they then had possession of the cotton, and their attention was not called

to the claim of plaintiff specifically in such way as to make the admission effective to overcome the undisputed facts set out above. In other words, the undisputed evidence shows conclusively that at the time of the conversation, and at the time of the service of the garnishment, C. Atkinson Sons Company did not have any cotton belonging to Rutland and were not indebted to him.

Judgment will, therefore, be reversed, and judgment entered here for the appellant.

Reversed, and judgment for appellant.